No. 19.—DAVID A. VASON, executor of William H. Hamner, deceased, plaintiff in error, *vs.* THE MERCHANTS' BANK OF MACON, defendant in error.

[1.] A witness, who has no interest in the subject of the suit, but who is liable for *costs* only, is disqualified from testifying, the law looking only to the *nature*, and not the *quantum* of interest.

Assumpsit. From Lee Superior Court. Tried before Judge WARREN. November Term, 1846.

For the facts of the case, and the error assigned, see the opinion of the Supreme Court.

HINES, for the plaintiff in error, insisted that an accommodation maker, acceptor or indorser, is one that receives no consideration for the note, acceptance, or indorsement. 1 *Bayley on Bills,* 458; 1 *Atkins R.* 131.

And that this case does not come within the rule, that the witness would be liable over for costs if plaintiff succeeds in his action. 1 *Greenlf.* 401; 2 *T. R,* 100; *Chitty on Bills,* 671, 317.

RUTHERFORD, for defendant in error.

Mr. RUTHERFORD made the following points:

1st. That the contract about the two negroes was only a mortgage, a mere indemnity to Hamner, and not an absolute sale, or a conditional sale. 4 *Kent,* 144; *Do.* 144; 1 *Paige Ch. R.* 56; 7 *Cranch,* 237.

2d. That the contract being only a mortgage, Hamner, defendant below, stood towards Whitfield, the witness, as an accommodation maker. 3 *Phill. Ev.* (*Cowen & Hill Notes*) 1545, *n,* 118, *old p.* 131; *Story on P. Notes,* 324, *sec.* 281, *p.* 325, *n; Bay. on B.* 152, 315; *in point, Chitty on B.* 318, 319.

3d. That a *maker* who signs for the *accommodation* of an *indorser,* changes position with him, (*quoad* themselves at least,) and cannot have the indorser's testimony, the latter being liable over for costs. 3 *Phill.* (as above) 1547; 2 *Smith L. Ca.* 86, 7. But,

4th. If the contract is not a mortgage, but a conditional sale, Whitfield's interest is not balanced, since the value of the negroes

and hire may be greater or less than the note and interest; if greater, his interest is to favour Hamner, if less, then to favour the Bank.

5th. And if Whitfield was not incompetent, for either of the above reasons and grounds, this testimony, which *proves fraud*, was not admissible at all, unless Hamner had first shown that, on his discovering the fraud, he returned the negroes, (or offered it,) or had shown that they were entirely worthless. 3 *Wend.* 236; 2 *Kent,* 480. We are not confined to the *reasons* given by the Court, the question now is, did it *commit error* in *rejecting* the *interrogatories?* 2 *Tidd,* 862. The Court of Error may look to the evidence of record on both sides, to see if the verdict for plaintiff was right. 2 *Tidd,* 864.

6th. The interrogatories were inadmissible, because they purport to have been taken for another and different case, viz: vs. " D. A. Vason, administrator," instead of executor.

7th. The testimony was not admissible, because it does not support the pleas, or either of them, in this, that the pleas allege that the Bank had held the *fi. fa.* and incumbrances complained of, when it took the note, while the proof is that the Bank had transferred the *fi. fa.*

NOTE.—If a *point* is ruled during the progress of a cause, which becomes *immaterial* to the *merits* as finally made out, such point is no longer *an error.* There must be some *injury.* 1 *U. S. Di.* 419, cites 5 *Pet.* 135, 2 *Halst.* 357, 2 *Aik.* 177.

*By the Court*—LUMPKIN, J. delivering the opinion.

William S. Whitfield, being indebted to the Merchants' Bank of Macon, formerly the Bank of Hawkinsville, by judgments, procured to be made a note by one William H. Hamner, payable to himself, and by him transferred to the said Bank. Whitfield placed two slaves, Rose and Nancy, under the control of Hamner, either as the consideration of the note, or to protect him from the payment of the debt. Hamner was sued on the note, and pleaded, by way of defence, that John Rawls, the President of the Bank, promised him, Hamner, that the Bank lien on this property should be waived or extinguished, provided he would enter into this arrangement; and that, relying upon said assurance, he was induced to do so. But that the Bank, disregarding said pledge, have transferred some of the executions which they held against Whitfield,

and that said negroes are liable thereto. And that consequently the consideration of the note has wholly failed, and ought not to be collected.

It was in proof that Hamner gave this note merely for the accommodation of Whitfield, and to enable him to make a settlement with the Bank of his old debts, and that he looked to Whitfield to pay the note when it fell due.

The testimony of Whitfield, taken by commission, was tendered to sustain the defence, and rejected by the Court, on the ground that Whitfield was incompetent to testify in the case by reason of his interest. To this opinion counsel for defendant excepted.

[1.] The only question presented for our consideration is, was this evidence properly rejected? We are of the opinion that it was. Hamner being an accommodation maker only, Whitfield would be liable to him not only for the amount of the note, but for the *costs* incurred in the suit. And this interest, small as it is in amount, is nevertheless a disqualifying circumstance. The magnitude and degree of the interest is not regarded in estimating its effect on the mind, it being impossible to measure the influence any given interest may exert. It is enough that the interest which the witness has in the subject, is direct, certain, and vested. Nor is it necessary that the witness should be interested in that which is the subject of the suit, for, if he is liable for the *costs,* he is incompetent. 1 *Greenleaf Ev. secs.* 347, 401, 402; *Townsend* vs. *Downing,* 14 *East R.* 565; *Hubly* vs. *Brown,* 16 *John. R.* 70; *Scott* vs. *McLellan,* 2 *Greenleaf R.* 199; *Bottomley* vs. *Wilson,* 3 *Starkie R.* 148; *Harman* vs. *Lesbrey,* 1 *Holt Cases,* 390; *Edmonds* vs. *Lowe,* 8 *Barn. & Cress, R.* 407.

Take another view of the transaction. Admit the truth of the plea, and that Hamner should lose the negroes on account of the Bank liens; it is manifest, that whether he be an accommodation party or not, and whether the conveyance by Whitfield to him be an absolute bill of sale, or only a mortgage to save him harmless, in any event, upon having the property arrested from him, Whitfield would be liable over to Hamner to make good the title, and to indemnify him in the costs which he had expended, as that would be the measure of his damages in an action against Whitfield. In this view of the affair Whitfield was properly excluded, as he was directly interested in protecting himself against such liabilities.

The judgment below must be affirmed.